JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE GRANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| QUIKTRIP CORPORATION d/b/a | ) | |
| QUIKTRIP #670, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rules 2.02 and 2.03, Defendant QuikTrip Corporation d/b/a QuikTrip #670 ("QT"), states as follows:

1.      On May 7, 2020, Plaintiff Diane Granderson ("Plaintiff") filed a Petition commencing a civil action against QT in the Circuit Court of St. Louis County, Missouri, captioned Diane Granderson vs. QuikTrip Corporation d/b/a QuikTrip #670, Case No. 20SL-CC02516 (the "underlying action").

2.      A copy of the Petition in the underlying action, along with all process, pleadings, orders, and other documents on file in the Circuit Court of St. Louis County, Missouri, are attached to and incorporated by reference in this Notice as Exhibit A.

3.      Plaintiff claims that she slipped and fell in a QT parking lot on or about August 3, 2017. Plaintiff contends that QT knew or should have known about an "oil puddle" allegedly present where Plaintiff fell, and that QT failed to act with reasonable care to maintain the premises, abate, or warn people of the alleged condition. (See Exhibit A, Petition-Premises Liability, ¶¶ 5-8.)

4.     The underlying action is a civil action as to which this Court has original jurisdiction under 28 U.S.C. § 1332 and is removable to this Court pursuant to 28 U.S.C. § 1441 because (1) Plaintiff's claims are wholly of a civil nature, and there is complete diversity of citizenship between Plaintiff and QT, (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (3) all other requirements for removal have been satisfied.

## I.     VENUE AND JURISDICTION

5.     The United States District Court for the Eastern District of Missouri is the appropriate Court for the filing of this Notice of Removal, and venue in the Eastern Division is proper pursuant to 28 U.S.C. § 105(a)(1) and E.D.Mo. L.R. 2.07(A)(1), as the underlying action originated in the Circuit Court of St. Louis County, Missouri, which is embraced by the Eastern District and located within the Eastern Division.

6.     Venue is also appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events alleged in Plaintiff's Petition are alleged to have occurred in this District. See Ex. A, Pet. ¶¶ 2-5.

## II.     THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF AND QT

7.     Upon information and belief, Plaintiff is a citizen and resident of the State of Missouri.

8.     QuikTrip Corporation is a citizen of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

9.     Accordingly, there is complete diversity of citizenship between Plaintiff and QT. *See* 28 U.S.C. § 1332(a).

## III.   THE AMOUNT IN CONTROVERSY IS SATISFIED

10.     The jurisdictional amount in controversy requirement is satisfied because the value of Plaintiff's claims exceeds $75,000, exclusive of interest and costs.

11.     Upon removal, the relevant inquiry into the jurisdictional amount "'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original). In other words, to prevent removal the plaintiff must "establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956.

12.     Plaintiff's Petition does not allege a specific monetary amount she seeks for damages. *See* Ex. A, Pet. ¶ 12.

13.     However, Plaintiff alleges she sustained "a closed head injury, headaches, an interarticular fracture along the medial aspect of the distal phalanx and into the interphalangeal joint of her right foot, effusion, sprains and strains of her back and tears and injury to the associated nerves, muscles, tissues, tendons, membranes, cartilage, blood vessels and all of the above were severely shocked, bruised, lacerated, cut, torn, wrenched, broken, strained, sprained, dislocated, displaced, misplaced, ruptured, herniated, compressed, subluxed, and caused to degenerate," and that she presently suffers from and will continue to suffer from "constant soreness, stiffness, weakness, inflammation, limitation of motion and impairment" due to those injuries, and a "diminished enjoyment of life." *See* Ex. A, Pet. ¶ 11.

14.     Prior to filing her Petition, Plaintiff provided QT with documentation of medical expenses exceeding $35,000. Plaintiff alleges that she will incur additional medical expenses in the future. *See* Ex. A, Pet. ¶ 12.

15.     The extent of injuries pled in a plaintiff's petition is a relevant consideration in deciding whether a claim is made in excess of the jurisdictional limit. *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010). *See also Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009) (holding that "[i]n light of the extent to which Plaintiff's injuries are pled, including the allegations that Plaintiff will continue to incur damages for such injuries in the future, this Court cannot find, as a matter of law, that a fact finder could not legally conclude that Plaintiff's damages will not exceed $75,000.00.")

16.     It is also significant that Plaintiff, through her counsel, made a pre-filing settlement demand to QT regarding her alleged injuries which is greater than the jurisdictional amount (i.e., over $75,000). Specifically, Plaintiff originally demanded $175,000, later lowered the demand to $115,000, and the most recent settlement demand figure was $85,000.

17.     The existence of a pre-filing settlement demand is "relevant" to the amount in controversy analysis. *See Longo v. R.E. Monson, Inc.*, No. 05-CV-1835-CDP, 2005 WL 3454517, at *2 (E.D. Mo. 2005) (denying remand because settlement offer exceeding jurisdictional satisfied amount in controversy requirement); *Thomas v. Mann*, No. 06-3269-CV-S-WAK, 2006 WL 2620644, at *1 (W.D. Mo. Sept. 12, 2006); *Dave Kolb Grading, Inc. v. Sievers Equip. Co.*, No. 4:04CV01626 ERW, 2005 WL 8177068, at *4 (E.D. Mo. Apr. 6, 2005).

18.     QT has met its burden of proving that a fact finder might legally conclude damages exceed $75,000 by identifying Plaintiff's pre-suit demand, and the extensive list of Plaintiff's claimed injuries, purported medical expenses to date, and representation that she will incur future medical costs.

## IV.    OTHER REQUIREMENTS

### A.    QT's Removal is Timely

19.     Plaintiff filed her Petition in the underlying action with the Circuit Court of St. Louis County, Missouri, on May 6, 2020.

20.     QT was served with the summons and Petition in the underlying action on May 18, 2020.

21.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of QT's receipt of a copy of Plaintiff's Petition.

22.     This Notice complies with the general rule under 28 U.S.C. § 1446(c)(3)(B) that notice of removal be filed not more than one (1) year after commencement of the action.

### B.    All Other Predicates for Removal Are Satisfied

23.     The action is not an action described in 28 U.S.C. § 1445.

24.     Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff, as required by 28 U.S.C. § 1446(d).

25.     Written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

26.     By filing this Notice, QT does not waive any of its affirmative defenses, including but not limited to its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, QuikTrip Corporation prays that the above captioned case pending in the Circuit Court of St. Louis County, Missouri, be removed to this federal court for further proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: */s/Matthew J. Reh*_____
    Matthew J. Reh, #49418 MO
    Katherine Ricks, #70322 MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    mreh@atllp.com
    kricks@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION d/b/a
QUIKTRIP #670


## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, the foregoing was filed electronically with the Clerk of Court and will be served by email and by operation of the Court's electronic filing system upon the following:

Brian Stokes
The Stokes Law Office
133 South 11th Street, Suite 350
St. Louis, Missouri 63102
stokeslawoffice@yahoo.com

ATTORNEYS FOR PLAINTIFF

                                      */s/ Matthew J. Reh*_____